UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY SIMMONS,

      Plaintiff,                             Case No. 24-cv-11378
                                             Hon. Matthew F. Leitman

v.

TRANSUNION LLC,

      Defendant.

_____/

### ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 16); (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 15); AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 4)

In this action, *pro se* Plaintiff Tiffany Simmons claims that Defendant Trans Union LLC violated the Fair Credit Reporting Act ("FRCA") when it allegedly reported inaccurate information about her. (*See* Compl., ECF No. 1-3.)  She also brings tort claims against Trans Union under Michigan law. (*See id.*)

On May 29, 2024, Trans Union filed a motion to dismiss Simmons' Complaint. (*See* Mot., ECF No. 4.)  Trans Union argued, among other things, that Simmons had "failed to allege any information that Trans Union was reporting, much less how it was inaccurate." (*Id.*, PageID.139.)  The assigned Magistrate Judge directed Simmons to file a response to the motion (*see* Order, ECF No. 6), and

1

Simmons did so on July 10, 2024. (*See* Resp., ECF No. 10.)  Simmons then filed a second response to the motion on July 23, 2024. (*See* Resp., ECF No. 12.)

On November 1, 2024, the Magistrate Judge issued a report and recommendation in which she recommended that the Court grant Trans Union's motion (the "R&R"). (*See* R&R, ECF No. 15.)  In the R&R, the Magistrate Judge concluded that Simmons' Complaint "fail[ed] to identify any factually inaccurate information that Trans Union reported or otherwise set forth any allegations as to how Trans Union violated any of the referenced [credit reporting] statutes." (*Id.*, PageID.192.)  The Magistrate Judge further explained that Simmons' state-law claims were preempted by FRCA, and, in any event, those claims "contain[ed] only conclusory allegations" that were devoid of "factual detail or any attempt to allege the necessary elements of each claim." (*Id.*, PageID.197-199.)  At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of her recommendations, they needed to file objections with the Court within 14 days. (*See id.*, PageID.203-204.)

On November 13, 2024, Simmons' filed what she called "Plaintiffs Objections to Defendants Motion to Dismiss." (Objections, ECF No. 16.)  Even though the title of the Simmons' filing refers to Trans Union's motion to dismiss, the Magistrate Judge construed Simmons' filing as objections to the R&R. (*See* Dkt., Nov. 14, 2024.)  The Court agrees with the Magistrate Judge's interpretation of

2

Simmons' filing.  Simmons already filed two responses to Trans Union's motion to dismiss back in July.  Moreover, at the time Simmons filed her objections, the only filing live in this case that called for a response was the R&R, and the only pending deadline was the deadline to file objections to the R&R.  Thus, the only filing that Simmons possibly could have been objecting to is the R&R, and the Court will therefore construe Simmons' filing as objections to that report.

The Court has carefully reviewed the objections and **OVERRULES** them.  Simmons' objections do not address the factual or legal bases of the R&R in any way.  In fact, the objections do not address the R&R at all.  Instead, Simmons argues only why her claims against Trans Union should not be dismissed.  As the Sixth Circuit has recognized, an objection to an R&R that does not "specifically address how [the Magistrate Judge's] factual and legal recommendations were incorrect" and does not address the Magistrate Judge's reasoning is insufficient as a matter of law. *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" by failing to address the legal basis of a report and recommendation). *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed"); *Diamond v. Riverbend Apts.*, 2023 WL 5385347, at *2 (E.D. Mich. 2023) (concluding that objections submitted by *pro se*

plaintiff were legally deficient because they did not identify a specific concern with a Magistrate Judge's report and recommendation).  Thus, because Simmons has not explained how the Magistrate Judge erred, her objections must be overruled.

For all of the reasons explained above, Simmons' objections (ECF No. 16) to the R&R are **OVERRULED**, the recommended disposition of the R&R (ECF No. 15) is **ADOPTED**, and Trans Union's motion to dismiss (ECF No. 4) is **GRANTED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 19, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 19, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126